WIGGINTON, Judge
(concurring in part, dissenting in part).
I concur in that portion of the majority opinion which holds that under the evidence adduced at the trial the defense of estoppel became an issue to be decided solely by the jury under proper instructions from the court and, therefore, the trial court did not err in denying appellants’ motion for a directed verdict made at the close of the evidence.
I am unable, however, to agree with that portion of the majority opinion which holds that the trial court erred in refusing to give appellants’ requested instruction on the defense of estoppel which is quoted in the majority opinion. A careful examination of the court’s charge as contained in the record on appeal reveals a meticulous and complete charge by the court on the law of estoppel which is followed by the following instruction relating to the evidence adduced at the trial, to wit:
“I further charge you that if you find from the evidence that the plaintiff Commercial Credit Corporation received payments from the defendant, Hudson Marina, Inc., and that a portion thereof was for the purpose of paying insurance premiums on a policy of insurance, insuring against windstorm or tornado loss and that the plaintiff, Commercial Credit Corporation, requested cancellation of that policy without the consent and knowledge of Hudson Marina, Inc., and you further find that the defendants believed that such insurance was in full force and effect, then I charge you that the plaintiff, Commercial Credit Corporation became the insurer of such loss of its interest in the boat upon the theory of estoppel which the Court has previously explained to you if, in fact, you find that there had been a cancellation of the policy and, therefore, cannot recover damages for its loss from the defendant, Hudson Marina, Inc., that is the corporation, or under the terms of the guaranty agreement against Hudson Marina, Inc., or could he recover from the defendant, H. C. Hudson and Hilda Hudson individually upon their personal guarantee.”
In view of the above instruction, I am of the opinion that the instruction requested by appellants was repetitive and duplicitous of the instructions given by the court and completely covered thereby. Under these circumstances the appellants’ requested instruction was superfluous and unnecessary, and its denial should not be construed as error. I would affirm the judgment appealed.